Carl Christopher PERKINS, Movant,

v.

KENTUCKY BAR ASSOCIATION,
Respondent.

No. 95–SC–075–KB.

Supreme Court of Kentucky.

March 23, 1995.

W. Robert Lotz, Covington, for movant.

Barbara S. Rea, Kentucky Bar Ass'n, Frankfort, for respondent.

## OPINION AND ORDER

This cause comes before the Court on motion of Carl Christopher Perkins to resign from the Kentucky Bar Association under terms of disbarment. The Bar Association has responded that it has no objection.

Movant has been charged with three felony offenses in an information filed December 13, 1994, in the United States District Court for the District of Columbia, criminal action number 94–0480, styled *United States of America v. Carl Christopher Perkins*. The United States Attorney for the District of Columbia has charged that movant committed one count of conspiracy in violation of 18 U.S.C. Section 371 by knowingly making or causing others to make false statements to the Federal Election Commission in reports filed with the agency concerning movant's campaign for a seat in the United States Congress. The United States Attorney has charged that movant engaged in such conspiracy from the period January 1989 through December 1990 for the purpose of concealing and falsely reporting disbursements of funds from the Perkins Election Committee to movant personally and to others for purposes not related to the campaign to elect movant to Congress.

The United States Attorney has also charged that movant committed one count of bank fraud in violation of 18 U.S.C. Section 1344 by defrauding the bank maintained by the United States House of Representatives, the Wright Patman Congressional Federal Credit Union, the First Guarantee National Bank of Martin, Kentucky, and other financial institutions, by negotiating insufficient funds checks, by obtaining loans under false pretenses and by making material misrepresentations concerning his financial condition during the period of December 1988 through January 1991.

The United States Attorney has further charged that movant violated 18 U.S.C. Section 1001 by knowingly and willfully making or causing to be made material false statements in a financial disclosure statement for the calendar year 1990, which was filed with the Clerk of the United States House of Representatives, in that movant omitted and misreported $946,135.00 in liabilities.

Movant has entered into a plea agreement with the United States of America by which he is obligated to enter a plea of guilty to each count of the information, and to surrender his license to practice law. At the time of his motion to resign from the Kentucky Bar, movant was awaiting sentencing.

Movant has acknowledged that he knowingly allowed campaign funds of the Christopher Perkins for Congress Committee to be used for noncampaign related activities and for reports to be filed with the Federal Elec-

tion Commission which did not disclose this fact. Movant has acknowledged that he failed to be completely truthful on some loan applications to federally insured banks and received loans based upon those applications. Movant has acknowledged that he willfully failed to review the Statement of Liabilities on his United States House of Representatives financial disclosure statement of 1990 before signing it, causing a false statement to be filed. Movant has acknowledged that such criminal conduct is in violation of SCR 3.130–8.3(b)(c), the Kentucky Rules of Professional Conduct, made applicable to movant by SCR 3.130 (as effective January 1, 1990), and that his conduct prior to January 1, 1990, is in violation of DR 1–102(a)(3)(4) and (6) of the Code of Professional Responsibility. SCR 3.130–8.3(b) provides that it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on his honesty, trustworthiness or fitness as a lawyer in other respects. SCR 3.130–8.3(c) provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation. DR 1–102(a)(3)(4) and (6) prohibit illegal conduct involving moral turpitude, dishonest and fraudulent conduct and any other conduct which reflects adversely upon a lawyer's fitness to practice.

Movant has acknowledged that there is presently an investigation being conducted into his professional fitness by the Kentucky Bar Association. Movant seeks to terminate that investigation and to forestall additional proceedings pursuant to Supreme Court Rule 3 by resignation of his membership in the Kentucky Bar Association and the surrender of his license to practice law in the Commonwealth of Kentucky under terms of disbarment.

The Kentucky Bar Association has no objection to the motion to resign under terms of disbarment.

Therefore, it is ordered that the motion of Carl Christopher Perkins to resign from the practice of law in the Commonwealth of Kentucky and from the Kentucky Bar Association is granted. It is further ordered that:

1. Carl Christopher Perkins shall not be permitted to engage in the practice of law in the Commonwealth of Kentucky until such time as the Supreme Court of Kentucky enters an order reinstating his membership in the Kentucky Bar Association.

2. Carl Christopher Perkins shall not file an application for reinstatement for a period of five (5) years from the date of this order, and he shall not seek reinstatement so long as there are pending against him any claims made by clients for restitution arising out of his professional misconduct and claims by clients to the Clients' Security Fund of the Kentucky Bar Association.

3. Any application for reinstatement shall be governed by SCR 3.520, or any subsequent amendment thereto regarding reinstatement in case of disbarment.

4. All disciplinary proceedings against Carl Christopher Perkins shall be terminated and the costs thereof shall be paid by movant in accordance with SCR 3.450(1) and SCR 3.480(3).

5. Carl Christopher Perkins shall, pursuant to SCR 3.390, provide notice to any clients of his inability to provide further legal services, he shall notify all courts in which he has matters pending of his resignation under terms of disbarment, and shall provide the Director of the Kentucky Bar Association copies of all such letters.

All concur.

ENTERED: March 23, 1995.

/s/ Robert F. Stephens
ROBERT F. STEPHENS
Chief Justice